UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANTHONY R. TREJO, SID #555896, § | |
| § | |
| Plaintiff, § | |
| § | SA-23-CV-01237-XR |
| v. § | |
| § | |
| PRESIDENT JOE BIDEN, United States, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**ORDER OF DISMISSAL**

Before the Court are Plaintiff Anthony R. Trejo's *pro se* 42 U.S.C. § 1983 Civil Rights Complaint and Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 1, 2). After consideration, Trejo's Application to Proceed IFP is **DENIED** and his Complaint is **DISMISSED WITHOUT PREJUDICE**. (ECF Nos. 1, 2).

**APPLICABLE LAW**

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because section 1915(g) requires a showing

of "imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to occur or occurring at the time the complaint is filed. *Id.* Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (citing *Valdez*, 2008 WL 4710808, at *1).

A prisoner who is not proceeding IFP may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds IFP in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three–strikes dismissal rule.

## APPLICATION

The Court has determined that while incarcerated, Trejo has garnered three strikes based on prior findings and dismissals. *See Trejo v. Janssen Pharm. Prods. LP*, No. 2:16-cv-00204-D (N.D. Tex. July 23, 2018) (dismissed with prejudice as frivolous); *Trejo v. Dretke*, No. 5:05-cv-00248-C (N.D. Tex. Nov. 18, 2005) (dismissed without prejudice for failure to exhaust administrative remedies)[1]; *Trejo v. Donohue, et al.*, No. 5:98-cv-00573-PMA (W.D. Tex. Dec. 14, 1999) (jury found Trejo's claims frivolous and returned verdict for

---

[1] The Fifth Circuit has held that a dismissal for failure to exhaust administrative remedies counts as a strike for purposes of 28 U.S.C. § 1915(g). *Emmett v. Ebner*, 423 F. App'x 492, 493–94 (5th Cir. 2011) (per curiam); *see Pointed v. Johnson*, 61 F. App'x 918, 918 (5th Cir. 2003) (per curiam). A dismissal for failure to exhaust counts as a strike because it is in effect a dismissal for failure to state a claim upon which relief may be granted. *Emmett*, 423 F. App'x at 493–94.

defendants; district court rendered judgment based on verdict). Therefore, Trejo may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court has reviewed Trejo's Complaint and finds it does not meet the required standard for avoiding the three–strikes dismissal rule. (ECF No. 1). In his Complaint, Trejo sues President Joe Biden, Texas Governor Greg Abbott, and Texas Attorney General Ken Paxton. (*Id.*). His claims appear delusional and include allegations of human trafficking, violations of RICO, mail theft, prostitution in the Bexar County Adult Detention Center, conspiracy, bribery, trespassing, negligence, defamation, slavery, etc. (*Id.*). Trejo does not appear to be the alleged "victim" of at least some of the allegations. (*Id.*). Moreover, it appears his claims are based on events that previously occurred. (*Id.*). Thus, based on the Court's review of the allegations contained in Trejo's Complaint, the Court finds he has failed to meet the imminent danger requirement. (*Id.*); *see* 28 U.S.C. § 1915(g).

## CONCLUSION

Because Trejo has garnered three strikes based on prior findings and dismissals and has failed to establish he is in "imminent danger of serious physical injury," his Complaint is subject to dismissal. Trejo may only proceed with this action if he pays the full filing fee contemporaneously with the filing of a timely motion to reinstate.

**IT IS THEREFORE ORDERED** that Trejo's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** and his Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of section 1915(g). Trejo is advised that

his Complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within thirty (30) days of the date of this Order.

It is so **ORDERED**.

**SIGNED** this 3rd day of October, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE